**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AKILAH ROGERS,<br><br>  Plaintiff,<br><br>  v.<br><br>VOLTRON DATA, INC., and JOSHUA PATTERSON,<br><br>  Defendants. | Case No. 1:24-cv-00084-RC<br><br>Honorable Rudolph Contreras |

**JOINT REPORT OF RULE 16.3 CONFERENCE**

Plaintiff Akilah Rogers and Defendants Voltron Data, Inc. and Joshua Patterson, by and through their respective attorneys, hereby submit this Joint Report of their conference pursuant to LCvR 16.3 and Fed. R. Civ. P. 26(f) held on June 4, 2025.

1. **Dispositive Motion**: The Court has denied Defendants' Motion to Dismiss the Second Amended Complaint. (Dkt. No. 20.) Defendants anticipate filing a Motion for summary Judgment at the conclusion of discovery.

2. **Date for Amendment:** Per the agreed proposed schedule below, the Parties propose September 25, 2025, as the deadline to join parties or amend the pleadings. At this time, the Parties have not identified any factual or legal issues that can be agreed upon or narrowed.

3. **Assignment to Magistrate Judge**: The Parties do not unanimously consent to assignment of this matter to a magistrate judge for all purposes.

4. **Possibility of Settlement**: The Parties have engaged in substantial, good-faith negotiations, including multiple mediation sessions with an experienced private mediator. The

Parties remain open to negotiations but do not believe that settlement is a realistic possibility at this time.

5. **ADR**: In consultation with their clients, and considering all the matters in LCvR 16.3(c)(5), the Parties previously agreed to engage in private mediation of this dispute without resolving the matter and therefore do not anticipate that the case could benefit from the Court's alternative dispute procedures or some other form of ADR at this time.

6. **Summary Judgment**: Plaintiff does not but Defendants do anticipate that this case can be resolved by a motion for summary judgment. The Parties' proposed schedule below gives dates for filing and briefing a summary judgment motion but defers to the Court on proposed dates for a decision on the motion.

7. **Initial Disclosures**: Per the agreed proposed schedule below, the Parties propose to exchange initial disclosures by July 3, 2025. Plaintiff requests that initial disclosures do not include a damages calculation. Plaintiff intends to rely on an expert to calculate her damages and anticipates that her calculation will be informed by compensation information to be produced in discovery. Plaintiff submits any computation this early on would be speculative, general, and imprecise. Defendants disagree with Plaintiff's position and believes that all topics set forth in Fed. R. Civ. P. 26(a)(1) should be addressed in Plaintiff's initial disclosures.

8. **Discovery:** The Parties do not believe this will be an expedited case and expect both documents and ESI to be produced. Furthermore, the Parties both intend to take depositions in this matter. Given the nature of the claims and anticipated defenses, the Parties expect fact discovery, including interrogatories, document production, requests for admission, and depositions, to take approximately six months. The Parties have therefore proposed the schedule below in Paragraph 16.

9. **ESI:** The Parties discussed disclosure, discovery, and preservation of ESI. Plaintiff intends to provide Defendant with an ESI protocol, along with her requests for production of documents, which will include proposed ESI custodians, sources, and search terms, and the preferred form in which ESI should be produced. Defendants also intend to seek ESI in discovery and will provide feedback to Plaintiff on her proposed protocol, including additional custodians, sources, and search terms.

10. **Privileged and Work Product Materials:** The parties will confer about an appropriate agreement for confidentiality and claims of privilege, including a procedure to assert such claims. The Parties will continue to discuss and will likely request that the Court enter an order under Federal Rule of Evidence 502.

11. **Expert Materials**: Plaintiff proposes to defer damages-related expert discovery until after a ruling on any summary judgment motion, or after the deadline for filing a summary judgment motion passes without filing such a motion. Defendants disagree with Plaintiff's position on expert discovery with respect to damages, and submits that expert discovery regarding Plaintiff's claimed damages is a proper and essential subject of discovery during the discovery period.

12. **Class Actions:** Not applicable.

13. **Bifurcation**: As set forth above, Plaintiff believes that damages-related expert discovery should be deferred until after summary judgment. As set forth above, Defendants disagree with bifurcating discovery as requested by Plaintiff.

14. **Pretrial Conference:** The Parties request a date be set for a pretrial conference once the Court enters a ruling on any summary judgment motion.

15. **Trial Date:** The Parties request a trial date be set at the pretrial conference.

16. **Other Matters:** Based on the above, the Parties propose the following schedule:

   a. Rule 26(a) Disclosures: **July 3, 2025**

   b. Serve first written discovery requests: **July 25, 2025**

   c. Deadline to add parties or amend pleadings: **September 25, 2025**

   d. Plaintiff's expert disclosures: **January 9, 2026**

   e. Defendants' expert disclosures: **February 6, 2026**

   f. All discovery closed: **February 27, 2026**

   g. Summary judgment motions due: **April 10, 2026**

   h. Summary judgment responses due: **May 8, 2026**

   **i.** Summary judgment replies due: **May 22, 2026**

Dated:  June 4, 2025

STOWELL & FRIEDMAN, LTD.

By: */s/ George S. Robot*
George S. Robot
Linda D. Friedman (admission application forthcoming)
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street, Suite 2600
Chicago, IL 60606
312-431-0888 (phone)
312-431-0228 (fax)
grobot@sfltd.com
lfriedman@sfltd.com
*Counsel for Plaintiff*

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Brian A. Scotti*
Brian A. Scotti, Esq. (Bar No. 497125)
**GORDON REES SCULLY MANSUKHANI, LLP**
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel.: 202-399-1009
Fax: 202-800-2999
Email: bscotti@grsm.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon all Parties and counsel of record on June 4, 2025, via the Court's electronic filing system.

/s/    *George S. Robot*

**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street, Suite 2600
Chicago, IL 60606
312-431-0888 (phone)
312-431-0228 (fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKILAH ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> VOLTRON DATA, INC., and JOSHUA PATTERSON, <br><br> Defendants. | Case No. 1:24-cv-00084-RC <br><br> Honorable Rudolph Contreras |

## ORDER

The Parties coming before the Court on this _____ day of _____ 2025, and the Court being fully advised per the Parties' Joint Report of Rule 16.3 Conference, the Court hereby enters the following schedule:

a. Rule 26(a) Disclosures: **July 3, 2025**

b. Serve first written discovery requests: **July 25, 2025**

c. Deadline to add parties or amend pleadings: **September 25, 2025**

d. Plaintiff's liability expert disclosures: **January 9, 2026**

e. Defendant's liability expert disclosures: **February 6, 2026**

f. All discovery closed: **February 27, 2026**

g. Summary judgment motions due: **April 10, 2026**

h. Summary judgment responses due: **May 8, 2026**

i. Summary judgment replies due: **May 22, 2026**

                                                              _____
                                                              Hon. Rudolph Contreras
                                                              United States District Judge

*Copies to:*
Brian A. Scotti, Esq.
Spencer D. O'Dwyer, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
*Counsel for Defendants*

George S. Robot
Linda D. Friedman
STOWELL &FRIEDMAN, LTD.
303 W. Madison Street, Suite 2600
Chicago, IL 60606
*Counsel for Plaintiff*