IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKILAH ROGERS, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00084-RC |
| VOLTRON DATA, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Voltron Data, Inc. and Joshua Patterson (collectively "Defendants"), by counsel, states as its Answer and Grounds of Defense to Plaintiff's Second Amended Complaint (ECF 13-1) as follows:

**PARTIES**

1. Admitted in part; denied that Voltron Data has more than 100 employees.

2. Admitted.

3. Denied that Plaintiff's termination was unlawful.

**JURISDICTION AND VENUE**

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest the Court's jurisdiction or the venue.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, the employment agreement speaks for itself, and any allegations that contradict it are denied.

6. Paragraph 6, including all subparts, state a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest the Court's jurisdiction or the venue. Answering further, Defendants deny that any personnel action was motivated by a discriminatory animus.

7. Paragraph 7, including all subparts, state a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest the Court's jurisdiction or the venue. Answering further, Defendants deny that any personnel action was motivated by a discriminatory animus.

## FACTUAL ALLEGATIONS[1]

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted that Plaintiff was hired as Vice President of Operation in May 2022. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied as phrased.

18. Denied.

---

[1] Defendants specifically deny Plaintiff's assertions and characterizations contained in the unnumbered headings in Plaintiff's Second Amended Complaint.

19. Admitted that Plaintiff requested a title change and an increase in equity. Defendants deny any suggestion or implication that Plaintiff was treated differently based on any protected characteristic.

20. Denied.

21. Denied.

22. Admitted that Plaintiff believed she deserved additional equity. Defendants deny the remaining allegations in Paragraph 22.

23. Denied as phrased.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that Plaintiff was terminated on July 10, 2023. The remaining allegations in Paragraph 30 are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied that Plaintiff's termination was retaliatory and/or discriminatory. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 35.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT I
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
**(Against All Defendants)**

40. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, the text of 42 U.S.C. § 1981 speaks for itself, and any allegations that contradict it are denied.

42. Denied.

43. Denied.

## COUNT II
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981
**(Against All Defendants)**

44. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, the text of 42 U.S.C. § 1981 speaks for itself, and any allegations that contradict it are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT III
## PAY DISCRIMINATION (EQUAL PAY ACT)
### (Against All Defendants)

50. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

53. Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

54. Denied

55. Denied.

56. Denied.

## COUNT IV
## RETALIATION (EQUAL PAY ACT)
### (Against All Defendants)

57. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

60. Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, the text of the Equal Pay Act speaks for itself, and any allegations that contradict it are denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT V
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII
**(Against All Defendants)**

64. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.[2]

65. Paragraph 58 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of Title VII speaks for itself, and any allegations that contradict it are denied.

66. Admitted that Plaintiff filed a Charge of Discrimination.

67. Denied.

68. Denied.

---

[2] The numbered paragraphs of Plaintiff's Second Amended Complaint are incorrect following Count IV. Defendants respond to those numbered paragraphs in the correct numerical order.

6

## COUNT VI
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
**(Against All Defendants)**

69. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

70. Paragraph 63 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of Title VII speaks for itself, and any allegations that contradict it are denied.

71. Admitted that Plaintiff filed a Charge of Discrimination.

72. Denied.

73. Denied.

## COUNT VIi
## RETALIATION IN VIOLATION OF TITLE VII
**(Against All Defendants)**

74. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

75. Paragraph 68 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of Title VII speaks for itself, and any allegations that contradict it are denied.

76. Admitted that Plaintiff filed a Charge of Discrimination.

77. Denied.

78. Denied.

79. Denied.

## COUNT VIII
## RACE DISCRIMINATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT

80. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

81. Paragraph 74 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of the D.C. Human Rights Act speaks for itself, and any allegations that contradict it are denied.

82. Denied.

83. Denied.

## COUNT IX
## SEX DISCRIMINATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT

84. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

85. Paragraph 78 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of the D.C. Human Rights Act speaks for itself, and any allegations that contradict it are denied.

86. Denied.

87. Denied.

## COUNT X
## RETALIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT

88. Defendants' responses to the foregoing paragraphs are incorporated as if realleged herein.

89. Paragraph 82 [sic] states a legal conclusion to which no response is required. To the extent a response is required, the text of the D.C. Human Rights Act speaks for itself, and any allegations that contradict it are denied.

90.     Denied.

91.     Denied.

### **GROUNDS OF DEFENSE**

By pleading the following as defenses or affirmative defenses, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by Defendants, and Defendants reserve its position that Plaintiff bears the burden of proof on all matters necessary to state the claims asserted in the Second Amended Complaint and to establish the alleged damages.

Defendants allege, aver, and affirmatively plead as follows:

1.      Defendant denies all allegations and headings unless explicitly admitted in this Answer and Grounds of Defense.

2.      The Second Amended Complaint fails to state a claim upon which relief may be granted. Defendants Motion to Dismiss Plaintiff's Second Amended Complaint (ECF 15 and 15-1) and Reply (ECF 19) are hereby incorporated by reference.

3.      Plaintiff is not entitled, on the law or the facts, to the damages claimed or to the relief requested.

4.      Plaintiff's own conduct, omissions and non-performance bar any recovery.

5.      At all times, Defendants' actions were lawful, justified and made in good faith.

6.      Plaintiff's claims are barred because all employment actions taken with respect to Plaintiff were for legitimate, non-discriminatory reasons that were unrelated to any protected characteristic or protected activity.

7.      Defendants expressly deny that any of its employees, officers or agents acted in any manner that would constitute discrimination or retaliation in violation of Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act, or the Equal Pay Act.

8. Plaintiff's claims are precluded by reason of the same actor inference.

9. Defendants aver that even if some impermissible motive was a factor in any employment decisions concerning Plaintiff – a claim that Defendants expressly deny – the same decision(s) would have been reached for legitimate business reasons.

10. Plaintiff's retaliation claims fail because she cannot demonstrate any protected activity.

11. Plaintiff's retaliation claims fail because she cannot demonstrate a nexus between any purported protected activity and any adverse employment action.

12. Plaintiff's Equal Pay Act claims fail because she cannot proffer any facts that she was paid less than a male employee for equal work in a job that requires equal skill, effort and responsibility.

13. Plaintiff's Equal Pay Act claims fail because she cannot demonstrate a legally cognizable comparator.

14. Plaintiff failed to mitigate her damages, if any.

15. Plaintiff cannot demonstrate a willful violation of Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act, or the Equal Pay Act.

16. To the extent Plaintiff seeks punitive damages, they are barred because the alleged acts or omissions of Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and are not so willful or wanton as to support an award of punitive damages.

17. Defendants reserve the right to plead and rely upon any additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

WHEREFORE, Defendants pray for an order dismissing Plaintiff's claims, with prejudice, entering judgment in favor of Defendants against Plaintiff, and awarding costs expended on Defendants' behalf and for any other relief as the Court deems to be just and proper.

Dated: June 11, 2025                     Respectfully Submitted,

/s/ Brian A. Scotti
Brian A. Scotti, Esq. (Bar No. 497125)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel.: 202-399-1009
Fax: 202-800-2999
Email: bscotti@grsm.com

*Counsel for Defendants Voltron Data, Inc. & Joshua Patterson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2025, a true and correct copy of the foregoing was filed and served upon all parties and counsel of record via the Court's electronic filing system.

/s/ Brian A. Scotti
Brian A. Scotti, Esq.