IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKILAH ROGERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VOLTRON DATA, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-00084-RC |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). Plaintiff Akilah Rogers ("Plaintiff") and Defendants Voltron Data, Inc. ("Voltron") and Joshua Patterson ("Mr. Patterson) ("Defendants"), (individually, a "Party" and collectively, the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 5.1(h) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under

seal.

2. **DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.

2.3 <u>Counsel (without qualifier):</u> Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

2.4 <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL" in disclosures or in responses to discovery.

2.5 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert(s):</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Counsel:</u> attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record:</u> attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record and In-House Counsel (and their respective support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication (including becoming part of the public record through trial or otherwise, which shall be governed by a separate agreement or order) not involving the misconduct or negligence of a Receiving Party, or a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In the event that expert analysis prepared for use in this litigation, if any, entails any data aggregations, statistical compilations, analysis, charts, graphs, summaries, or reports based on any Protected

Material, the parties agree to negotiate in good faith whether such aggregations, compilations, analysis, charts, graphs, summaries, or reports are Confidential.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation. One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.

4

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated clearly before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains "CONFIDENTIAL" Information or Items. If only a portion or portions of the material on a page contains "CONFIDENTIAL" Information or Items, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains "CONFIDENTIAL" Information or Items. If only a portion or portions of the material on a page contains "CONFIDENTIAL" Information or Items, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item contain "CONFIDENTIAL" Information or Items, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     For any deposition (or other pretrial or trial proceeding) testimony referencing

"CONFIDENTIAL" Information, that the Designating Party so inform the reporter during the deposition (or other pretrial or trial proceeding). The Designating Party may also designate "CONFIDENTIAL" Information disclosed at such deposition as "CONFIDENTIAL" by notifying all counsel of record in writing within five (5) business days of receipt of the transcript, designating specifically by page and line any portions of the deposition (or other pretrial or trial proceeding) transcript which should be treated as "CONFIDENTIAL" thereafter. Each person receiving such notification designating testimony as "CONFIDENTIAL" all or any portion of a transcript in its possession or control shall immediately affix a copy of such written notice or letter to the face of the transcript and every copy thereof within its possession, custody or control. In the event a motion must be filed before the expiration of the five business days, at the meet and confer the Designating Party shall make reasonable efforts to inform the Party filing such motion of any concerns that portions of a transcript may need to be designated Confidential.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time, pursuant to the method set forth in Sections 6.2 and 6.3, below. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging to the Designating Party and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date the written notice is received by the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that

the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process described in Section 6.3 below only if it has engaged in this meet and confer process first (or if the Designating Party has indicated it is unwilling to participate in the meet and confer process in a timely manner).

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Civil Rule 7 within 21 days of the date the initial notice of challenge is received by the Designating Party or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition (or other pretrial or trial proceeding) transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party only in connection with this case and only for purposes of prosecuting, defending, or attempting to resolve this litigation (and if such use would

involve or require making such Protected Material part of the public record through trial or otherwise, such use shall be governed by a separate agreement or order, pursuant to Section 3, above). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, and in a manner at least as secure as the manner in which said Receiving Party stores its own confidential materials or information.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information to prosecute, defend, or attempt to resolve this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary to prosecute, defend, or attempt to resolve this litigation. Any Party so retaining such an expert shall have such expert execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A. Such experts shall destroy all "CONFIDENTIAL" Information and any notes therefrom at the conclusion of this litigation and certify that destruction has taken place;

(c)     the Court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary to prosecute, defend, or attempt to resolve this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) Disclosure may be made only to current or former employees of a Party to whom disclosure is reasonably necessary to prosecute, defend, or attempt to resolve this litigation.

7.3  Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous Sealed Motion for Leave to File Document Under Seal ("Motion to Seal") the materials at issue using the procedures established by the Court (see https://www.dcd.uscourts.gov/e-filing-sealed-documents-unsealed-cases). Even if the filing party believes that the materials subject to this Order are not properly classified as Confidential Information, the filing party shall file the Motion to Seal; provided, however, that the filing of the Motion to Seal shall be wholly without prejudice to the filing party's rights under this Order to challenge the designation of confidentiality.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation or governmental or regulatory proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

9

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with the Designating Party whose Protected Material may be affected with respect to all reasonable procedures the Designating Party seeks to pursue in response to such subpoena or court order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court or governmental or regulatory body from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or governmental or regulatory body.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with the Non-Party;

    (2) promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party shall designate the information as "CONFIDENTIAL" and may produce the Non-Party's confidential information responsive to the discovery request. The terms of this Order are applicable to a Non-Party's information designated as "CONFIDENTIAL." Such "CONFIDENTIAL" information produced in connection with this litigation is protected by the remedies and relief provided by this Order. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve (or, at the Designating Party's election, ensure the destruction of) all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) ensure that the person or persons have been apprised of the confidential nature of the material produced and of the existence of this Protective Order, and understands that the Court has the power to enforce the Protective Order.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

 (a) When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection (including without limitation attorney-client privilege or attorney work product protection), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) Pursuant to Rule 502(e) of the Federal Rules of Evidence, the inadvertent production of any Disclosure or Discovery Material in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege, or evidentiary protection, including, but not limited to the attorney-client privilege, or the work product doctrine, and no Party shall be held to have waived any rights by such inadvertent production. The inadvertent disclosure shall also not estop that Party or the privilege-holder from designating the Disclosure or Discovery Material as "CONFIDENTIAL" Information.

(c) If any information produced by another Party is on its face subject to a legally recognizable privilege or evidentiary protection (including without limitation attorney-client privilege or attorney work product protection) that has not been so designated, the Receiving Party shall: (1) refrain from reading the information any more closely than is necessary to ascertain that it is privileged; (2) immediately notify the Producing Party in writing that it has discovered information believed to be privileged or protected; (3) specifically identify the information by Bates number range or hash value range; (4) where possible, return, sequester, (or, at the Producing Party's election, ensure the destruction of) all copies of such information, along with any notes, abstracts or compilations of the content thereof, within ten (10) days of discovery by the Receiving Party; and (5) certify to the Producing Party in writing that the Receiving Party will cease further review, dissemination, and/or use of the information in question. Where such information cannot be returned, sequestered, or destroyed, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding the foregoing, the Receiving Party is under no obligation to independently or affirmatively search or review the Producing Party's information for the purpose of identifying whether it is potentially privileged or protected.

(d) If, during the course of this litigation, a Producing Party determines it has inadvertently produced Disclosure or Discovery Material it believes is subject to a legally recognizable privilege or evidentiary protection (including without limitation attorney-client privilege or attorney work product protection) (or Disclosure or Discovery Material which should have been, but was inadvertently not, designated "CONFIDENTIAL"), the Producing Party may notify the Receiving Party of such inadvertent production in writing, or orally on the record in a deposition or court proceeding. If written notice is provided, the Producing Party's notice shall identify: (1) the information inadvertently produced by Bates number range or hash value range; (2) the privilege or evidentiary protection (or "CONFIDENTIAL" designation) claimed; and (3) the basis for the assertion of same. The Producing Party shall also demand the return, sequester, or destruction of the inadvertently produced Disclosure or Discovery Material. After receiving notification of the inadvertent production, the Receiving Party must promptly return or sequester (or, at the Producing Party's election, ensure the destruction of) the specified information and any copies it has, along with any notes, abstracts or compilations of the content thereof regardless of whether the Receiving Party agrees that the information is "CONFIDENTIAL" or otherwise protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. The Receiving Party must not use or disclose the information until the claim of privilege or protection is resolved by the Parties or the Court. To the extent that the Producing Party insists on the return or deletion of electronic copies, rather than disabling the information from further use or otherwise rendering them inaccessible to the Receiving Party, the Producing Party shall bear the reasonable costs of the return or deletion of such electronic copies, subject to the Receiving Party's submission of an explanation of said costs. In the event said costs exceed (or are projected to exceed) $250, the Producing Party and Receiving Party shall meet and confer over the manner in which the electronic copies are to be returned or deleted.

(e) To the extent the inadvertently produced "CONFIDENTIAL" Information, or information that is otherwise protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, has already been used in or described in other

Disclosure or Discovery Materials generated or maintained by the Receiving Party, then the Receiving Party will sequester such information until the claim as to whether the information is "CONFIDENTIAL" or otherwise protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection has been resolved. If the Receiving Party disclosed the information at issue to third parties before being notified of its inadvertent production, the Receiving Party must take reasonable steps to retrieve said information, including by immediately notifying the third party of the Producing Party's inadvertent production; instructing the third party to refrain from further review of the information; and instructing the third party to immediately return or, at the original Producing Party's election, delete the information. The Producing Party shall, in all cases, preserve the specified information until the claim is resolved.

(f)    The Receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege or other applicable protection and the grounds for that objection (other than for materials inadvertently produced without a "CONFIDENTIAL" designation, as to which the procedures set forth elsewhere in this Order shall apply).

(g)    The Receiving Party's return, sequestering or destruction of such privileged or protected information as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection (or otherwise moving to dedesignate this information as "CONFIDENTIAL," as set forth above).

(h)    Further, the Producing Party need not make any showing whatsoever regarding steps taken to prevent the inadvertent production of "CONFIDENTIAL" Information, or information otherwise protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, before being entitled to their return if the information is properly subject to a legally recognized claim of privilege or evidentiary protection (including a

"CONFIDENTIAL" designation) absent the inadvertent production. In order to be entitled to the protection provided in this Order, including in this Section 11, there shall be no requirement for the Producing Party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or otherwise protected information were reasonable.

(i) In the event the Producing Party's claim of privilege or protection is disputed by the Receiving Party, either Party may submit the specified Disclosure or Discovery Material, along with the grounds for the asserted privilege or protection, to the Court under seal for a determination of the claim. The Receiving Party may not use the Disclosure or Discovery Material for any purpose absent this Court's Order. Any Party may request expedited treatment of any request for the Court's determination of the claim.

(j) Upon a determination by the Court that the specified Disclosure or Discovery Materials are protected by the applicable privilege or evidentiary protection, and if the specified Disclosure or Discovery Materials have been sequestered rather than returned to the Producing Party or destroyed, the specified Disclosure or Discovery Material shall be returned to the Producing Party (or, at the request of the Producing Party, destroyed by the Receiving Party) (or, as applicable, returned to the Producing Party for reproduction to the Receiving Party with the appropriate "CONFIDENTIAL" designation). The Court may also order the identification and/or review of Disclosure or Discovery Material that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person or entity to seek its modification by the court in the future. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order. A Party claiming or seeking greater protection must obtain a further protective order by motion providing for such special protection.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party

waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

      12.3    Filing Protected Material. Without written permission from the Designating Party, a party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5.1(h) by filing a motion to seal the document. Documents filed with the court containing Protected Material shall be treated as sealed, pending the court's ruling on the motion to seal the document.

      12.4    Confidential Information at Trial. Nothing in this agreement restricts the use of confidential information in the trial of this case. This order is without prejudice to any party making a *motion in limine* to exclude or redact certain evidence if there exist reasonable grounds to do so. The existence of this Order and any designation of information as "CONFIDENTIAL" shall be disregarded for purposes of the Court's consideration of any motions to exclude or admit certain evidence for trial.

### 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return (or, at the Producing Party's election, destroy) all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing, capturing, describing, or including, in any other way, any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit, by the 60-day deadline, a written certification to the Producing Party (and, if not the same person or entity as the Producing Party, to the Designating Party) that: (1) identifies (by category, where appropriate) all the Protected Material that was returned (or destroyed, if the Producing Party so elected), and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing, capturing, describing, or including, in any other way, any of the Protected Material. Notwithstanding anything to the contrary hereinabove, this Protective Order

will not require a Party to return any documents that originated from that Party. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts of trial, deposition, hearing, and any other court proceedings, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 30, 2025

/s/ Jessica L. Sartorius
Brian A. Scotti, Esq. (D.C. Bar No. 497125)
Jessica L. Sartorius, Esq. (D.C. Bar No. 494667)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel:  (202) 399-1009
Fax: (202) 800-2999
Email: bscotti@grsm.com
       jsartorius@grsm.com

*Counsel for Defendants Voltron Data, Inc. & Joshua Patterson*

DATED: September 30, 2025

/s/ George S. Robot
Linda Friedman, Esq.
George S. Robot, Esq.
Daniel B. Lewin, Esq.
Jared Calvert, Esq.
STOWELL & FRIEDMAN, LTD.
303 W. Madison Street, Suite 2600
Chicago, Illinois 60606
Tel:  (312) 431-0888
Fax: (312) 431--0228
Email: lfriedman@sfltd.com
       grobot@sfltd.com
       dlewin@sfltd.com
       jcalvert@sfltd.com

*Counsel for Plaintiff Akilah Rogers*

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

DATED: 10/2/2025

Hon. Rudolph Contreras
U.S. District Court Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the District of Columbia on [DATE] in the case of *Akilah Rogers v. Voltron Data, Inc.* Case No. 24-cv-00084.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____